**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RIVERDAWG, LLC, NO FREE, LLC, and HOLT KNOB HOLDINGS, LLC, | : | Civil Action File No. |
| Plaintiffs, | : | 1:26-cv-1353 |
| v. | : | |
| S. Gregory Hays, in his capacity as Receiver for First Liberty Capital Partners, LLC, | : | |
| Defendant. | : | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE**
**DEFINITE STATEMENT AND BRIEF IN SUPPORT THEREOF**

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in Case No. 1:25-cv-3826-MLB (the "**Receivership**") in the District Court for the Northern District of Georgia (the "**Court**") that was initiated by Securities and Exchange Commission ("**SEC**"), by and through counsel, hereby files this *Motion to Dismiss or, in the alternative, for More Definite Statement and Brief in Support Thereof* (the "**Motion to Dismiss**") to: 1) dismiss the case against the Receiver that was initiated by the Verified Complaint (the "**Complaint**") that was filed on March 11, 2026, by Riverdawg, LLC ("**Riverdawg**"), No Free, LLC ("**No Free**"), and Holt Knob Holdings, LLC ("**Holt Knob**" and collectively with Riverdawg and No Free, the "**Plaintiffs**" or "**Williams Entities**"); or 2) in the alternative, to the extent possible, direct that the Plaintiffs to

amend the Complaint to comply with the Procedures Order. In support thereof, the Receiver respectfully states as follows:

## INTRODUCTION

1.     The Receiver respectfully submits that the Plaintiffs were fully aware of and knowingly failed to comply with the *Order Establishing Procedures to Enter Action to Resolve Claims Arising from Loan Obligations Due to the Receivership* [Doc. No. 70] (the "**Procedures Order**") that was entered on January 27, 2026 to establish mandatory procedures for a party to enter the Receivership to assert a claim. Since the Plaintiffs failed to comply with the Procedures Order, the Complaint should be dismissed for failure to state a claim pursuant Fed. R. Civ. P 12(b)(6) and a violation of the Stay (as defined below) and Injunction (as defined below) or, in the alternative, to the extent possible, the Plaintiffs should be directed to promptly amend same and provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) that satisfies all the requirements of the Procedures Order.

## BACKGROUD

2.     To provide the Receiver with the ability to fulfill the duties of the Receiver without being hindered or obstructed by litigation against property of the Receivership, in addition to freezing the Receivership Property,[1] pursuant to the Appointment Order,

---

[1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to

the Court entered an injunction against interference with the Receiver (the "**Injunction**") and stay (the "**Stay**") of all civil legal proceedings involving any Receivership Property or the Receivership Entities until further order of the Court. *See* Appointment Order ¶¶ 32-34. The Injunction protects against action that would "[d]issipate or otherwise diminish the value of any Receivership Property." *See* Appointment Order ¶ 32(C). Furthermore, the Stay under Section VII of the Appointment Order stays all litigation matters other than the litigation subject to the Receivership and clearly provides that no further actions should be taken against any assets or entities subject to the Appointment Order until further order of the Court.

3.      Prior to the entry of the Procedures Order, the Plaintiffs filed various motions, including Docs. No. 29, 30, 34, and 36, seeking relief in the Receivership. The Receiver opposed such motions for various reasons, including, in addition to the Stay and Injunction, because unhindered access to the Receivership would cause confusion and hinder and obstruct the duties of the Receiver.

4.      After the Court held a hearing on December 15, 2025, at which Plaintiffs' counsel appeared and was heard by the Court, to consider procedures for third parties to intervene in the Receivership as well as the *Motion by Receiver to Establish Procedures to Enter Action to Resolve Claims Arising From Loan*

---

such terms in the Appointment Order.

*Obligations Due to the Receivership* [Doc. No. 59] (the "**Procedures Motion**"), the Court entered the Procedures Order to modify the Stay and Injunction in the Appointment Order for the limited purpose of establishing establish procedures (the "**Procedures**") to resolve loans (the "**Loans**") that were made with investor funds to certain borrowers (the "**Borrowers**"). The requirements of a Verified Complaint or Verified Counterclaim under the Procedures are primarily set forth in paragraph 5 of the Procedures Order.

5.      The Procedures provide for "substantial initial disclosures, including a detailed statement of claims and defenses, by Borrowers as a condition to intervene in the Receivership." *See* Procedures Order, p. 3.

6.      Paragraph 5(g) of the Procedures Order provides that any "Borrowers seeking to enter the case shall promptly comply in good faith with requests by the Receiver for documents or information."

7.      Further, the Procedures Order specifically stated that the "Receiver may file a request for a more definite statement or a Motion to Dismiss within twenty (20) days of the filing of the Verified Counterclaim." *See* Procedures Order, p.4-5.

8.      It is undisputed that: a) Dr. Williams caused No Free and Riverdawg to enter into certain loans (the "**Williams Loans**") to receive—and actually did receive substantial funds from First Liberty—with knowledge of the terms and conditions

of each of the Williams Loans; and b) Dr. Williams personally guaranteed the payment of each of the Williams Loans.

9.     It is also undisputed that Dr. Williams, the Plaintiffs and their counsel were aware of the entry of the Procedures Order. Indeed, Mr. Leon Jones, the Plaintiffs' counsel, spoke extensively at the December 15 Hearing and was provided with the opportunity to review and comment upon the Procedures Order before it was entered. These Plaintiffs should not be heard to complain of lack of knowledge or notice of the Procedures Order.

10.    On March 11, 2026, counsel for the Receiver contacted counsel for the Plaintiffs to advise the Plaintiffs that he was in the process of filing a complaint against No Free and Riverdawg and their guarantors Dr. Williams and Urgent Care 24/7, LLC, another entity owned and controlled by Dr. Williams, to enforce the loan obligations and guarantees executed by Dr. Williams. The Receiver did then commence in this Court Civil Action No. 1:26-cv-01349-MLB styled as *S. Gregory Hays, as Receiver v. Jerry K. Williams, Urgent Care 24/7, LLC, No Free LLC and Riverdawg LLC* (the "**Receiver Lawsuit**"). The Receiver believes that the Receiver Lawsuit was actually filed before this lawsuit and that the Complaint in this case was hastily filed shortly after the Receiver Lawsuit. The Receiver requested Dr. Williams' cooperation in effectuating service of the Receiver Lawsuit; however, Dr.

5

Williams failed to act in a cooperative manner and rejected such efforts by the Receiver. The Receiver is in the process of effectuating service of the complaint in the Receiver Lawsuit. To the extent that this Case is not dismissed, the Receiver will move to consolidate the Receiver Lawsuit with this Case once the Receiver Lawsuit is served.

11.     On March 23, 2026, the Plaintiffs did produce 315 pages of documents to the Receiver purportedly in compliance with the Procedures Order which required production of documents within ten (10) days; however, these documents were primarily additional copies of documents attached to prior pleadings in the Receivership and did not include several categories of documents and disclosures as required by the Procedures Order and as more fully set forth below.

12.     Under the circumstances, the Plaintiffs are not authorized to enter the Receivership to assert any claims or counterclaims and the Complaint should be dismissed and, although the Receiver submits that the Complaint is fatally flawed, Plaintiffs should be directed to timely comply with the Procedures Order.

**ARGUMENT**

13.     Notwithstanding that Borrowers must fully comply the Procedures set forth in the Procedures Order as a condition to qualify for the limited modification of the Stay and Injunction to enter the Receivership to assert a claim or counterclaim,

6

the Complaint fails to comply with the Procedures Order for various reasons, including as follows:

a. The Complaint seeks to have the Plaintiffs enter the Receivership without including all guarantors and other parties responsible for the loans of the Plaintiffs in violation of paragraph 5(h) of the Procedures Order. It is undisputed that the guarantors of the Williams Loans, including Dr. Williams and Urgent Care 24/7, LLC, are not included as parties in the Complaint. One reason that the Procedures Order requires that all parties be named when Borrowers seek to intervene to assert claims is to avoid the costly gamesmanship that Dr. Williams is currently attempting in this Case that would result in piecemeal litigation in multiple cases involving the various entities owned and controlled by Dr. Williams. Any determination regarding the Complaint, especially Count One to determine the responsibility under the Williams Loans, must include all guarantors and other parties responsible for the Williams Loans. The Complaint fails to name Dr. Williams and all other guarantors as parties to the case and, as such, the Complaint fails to satisfy the Procedures and must be dismissed unless the Complaint is amended to name such parties and the otherwise comply with all of the Procedures.

b. In failing to satisfy paragraph 5(b)(iv) of the Procedures Order, the Complaint does not include a verified list of all disbursements and uses of funds

7

received by the borrowers at issue by date, amount and payee along with documents evidencing such uses. Although the Plaintiff did produce additional documents within ten (10) days of the filing of the Complaint, such documents did not include a verified statement of the uses of the funds received from the Receivership Entities as required by the Procedures and no information has been provided as the actual uses of the millions of dollars received by Plaintiffs and Dr. Williams from the Receivership Entities. The failure of Dr. Williams to provide such information incident to the filing of the Complaint is a continuation of the failure to provide such information in response to requests by the Receiver. Indeed, the Receiver still has no information of the uses of investor funds made by the Plaintiffs or Dr. Williams. The Complaint fails to include the information required under paragraph 5(b)(iv) of the Procedures Order and, as such, the Complaint fails to satisfy the Procedures and must be dismissed unless the Complaint is amended to provide such information and the otherwise comply with all of the Procedures.

c.    To the extent that the Complaint alleges that any Receivership Entity breached any agreements with any of the Plaintiffs, such as Count Four of the Complaint, the Complaint does not include a detailed statement of each and every breach of any obligations related to any loans of such borrower, including the identification of any specific provision of any loan document that was allegedly

8

breached and documents evidencing such defenses in violation of paragraph 5(b)(v) of the Procedures Order. Indeed, Count Four of the Complaint alleges a purported willful breach of contract without identifying the specific provision of any agreement that was actually violated by First Liberty or even referencing a specific obligation of First Liberty that is grounded in any written contract. Notably, the only contract referenced in Count Four of the Complaint is a promissory note that is signed by the borrower and recognizes the obligation of a borrower to pay a certain amount. The purpose of paragraph 5(b)(v) of the Procedures Order is to avoid claims such as Count Four of the Complaint that assert vague and unsubstantiated breach of contract claims. The vague and conclusory references in the Complaint to a purported breach of an unsubstantiated obligation are wholly insufficient. The failure of the Plaintiffs to comply with  paragraph 5(b)(v) of the Procedures Order is fatal to at least Count Four of the Complaint. Under the circumstances, the Complaint fails to satisfy paragraph 5(b)(v) of the Procedures Order and should be dismissed.

       d.    The Complaint does not include detailed statement of the factual basis for any defenses asserted by Borrower to the claims of the Receiver and documents evidencing such defenses in violation of paragraph 5(b)(vi) of the Procedures Order.

e.      To the extent that the Plaintiffs asserts fraud claims, the Complaint fails to plead fraud with particularity in accordance with F.R.C.P. 9, including, but not limited to, the identification of each and every fraudulent statement or act on which Plaintiffs relied together with supporting documents. in violation of paragraph 5(b)(vii) of the Procedures Order. Not only does the Complaint fail to plead fraud with particularity, but it also violates the express prohibition in Paragraph 5(b)(vii) of the Procedures Order that specifically provides that it "shall not be allowed or sufficient to simply reference or rely upon fraud generally or the general circumstances or general fraud underlying or asserted in the Complaint filed by the SEC that led to the appointment of the Receiver." The Complaint violates such prohibition by relying solely on general circumstances or general fraud underlying the claims asserted by the SEC rather than conduct specific to the Plaintiffs. The Plaintiffs fail to identify any specific representations by person, date or content made by any representative of the Receivership Entities to the Plaintiffs on which the Plaintiffs relied. Indeed, the fraud claims set forth in the Complaint are nothing more than a re-statement of the broad general allegations made by the Plaintiff in prior motions filed with this Court. Such insufficiency infects not only Count Two for Fraud and Count Three for Fraud in the Inducement, but also Count Four for Willful Breach of Contract. Indeed, paragraph 123 of the

Complaint includes vague references to "fraudulent representations" without specifically identify any specific representations to the Plaintiffs and how such representations were false. The failure of the Plaintiffs to comply with paragraph 5(b)(vii) of the Procedures Order is fatal to at least Counts Two, Three, and Four of the Complaint. Under the circumstances, the Complaint fails to satisfy paragraph 5(b)(vii) of the Procedures Order and should be dismissed.

      f.     The Complaint does not include a detailed and specific itemization and calculation of damages for which offset or other relief is sought together with supporting documents for such calculation in violation of paragraph 5(b)(viii) of the Procedures Order.

      g.     The Complaint does not include a confirmation and proof that any collateral, including real property and personalty, provided by Plaintiffs in support of the loans made by the Receivership Entities, is insured with the Receiver named as a loss payee under such insurance policy in violation of paragraph 5(b)(ix) of the Procedures Order.

      h.     The Complaint does not include a confirmation and proof for any collateral, including real property and personalty, that the Plaintiffs are current on all property or ad velorem taxes for such collateral in violation of paragraph 5(b)(x) of the Procedures Order.

11

i.      To the extent that Plaintiffs seeks injunctive relief against the Receiver, the Complaint does not seek such relief shall be sought in accordance with F.R.C.P. 65 or other applicable law or include a statement as to what security or bond will be provided by such Plaintiffs during any proposed stay or injunction as well as proof that the Plaintiffs can post such security or bond in violation of paragraph 5(b)(xi) of the Procedures Order.

14.     The foregoing represent a wholesale failure to comply the Procedures set forth in the Procedures Order. Dr. Williams and the Plaintiffs were and are fully aware that compliance with the Procedures is a condition to qualify for the limited modification of the Stay and Injunction to enter the Receivership to assert a claim or counterclaim. The Complaint filed by the Plaintiffs herein fails to comply with the Procedures not only in blatant disregard of required procedures, but also substantively with certain counts failing to allege viable claims. Under the circumstances, the Receiver submits that the Complaint should dismissed.

15.     To the extent that the Court declines to dismiss the Complaint, in the alternative, the Receiver submits that, to the extent possible, the Plaintiffs should be directed to amend the Complaint to comply with the Procedures Order.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: 1) grant this Motion; 2) dismiss the Complaint; 3) in the alternative,

to the extent possible, direct that the Plaintiffs to amend the Complaint to comply with the Procedures Order; 4) tax all costs of the Receiver in responding to the Complaint against the Plaintiffs; and 5) grant the Receiver such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of March, 2026.

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
hsewell@sewellfirm.com; Phone: (404) 926-0053
Buckhead Centre
2964 Peachtree Road NW, Suite 55
Atlanta, GA 30305
*Counsel for Receiver*

13

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE AND CERTIFICATE OF SERVICE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D), and the attachments are consistent with Local Rule 5.1(B).

Counsel further certifies certify that I have electronically filed the foregoing *Motion to Dismiss* with the Clerk of Court via the CM/ECF system, and further certify that a true and correct copy of the same has been served by email as follows:

JONES & WALDEN LLC
c/o Leon S. Jones, Esq.
699 Piedmont Avenue NE
Atlanta, Georgia 30308          Sent electronically to LJones@joneswalden.com

This 31st day of March, 2026.

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
hsewell@sewellfirm.com
Phone: (404) 926-0053
Buckhead Centre
2964 Peachtree Road NW, Suite 55
Atlanta, GA 30305
*Counsel for Receiver*