**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RIVERDAWG, LLC, NO FREE, LLC, HOLT KNOB HOLDINGS, LLC, URGENT CARE 24/7, LLC, and JERRY WILLIAMS, individually, | : : : | Civil Action File No. |
| Plaintiffs, | : | 1:26-cv-1353 |
| v. | : | |
| S. Gregory Hays, in his capacity as Receiver for First Liberty Capital Partners, LLC, | : : | |
| Defendant. | : | |

**RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in Case No. 1:25-cv-3826-MLB (the "**Receivership**") in the District Court for the Northern District of Georgia (the "**Court**") that was initiated by Securities and Exchange Commission ("**SEC**"), by and through counsel, hereby files this *Response in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction* (the "**Objection**") to respond and oppose the *Motion for Temporary Restraining Order and Preliminary Injunction* [Doc. No. 9] (the "**Motion**") that was filed by Jerry Williams ("**Dr. Williams**" and the above-captioned entities that he owns and controls, collectively with Dr. Williams, the "**Williams Parties**" or "**Movants**").

As has been detailed in other pleadings before this Court, Dr. Williams caused the Williams Parties to enter four loans with First Liberty—prior to the appointment of the Receiver—in a total principal amount over $4 Million that were tied together and provided First Liberty rights to recover in the event of default. Each loan was documented and secured by real estate owned by the Williams Parties and guaranteed by Dr. Williams. There is no dispute that each of the loans is now in default incident to the terms agreed to by the Williams Parties.

Rather than seeking to satisfy the obligations of the Movants, the Motion seeks to improperly hinder the rights of the Receivership incident to an overly broad and effectively permanent injunction that would prohibit the Receiver from foreclosing valid and perfected security interests of the Receivership that were willingly and voluntarily granted by the Movants. Even worse, the Motion improperly requests the release of security prior to the satisfaction of all underlying obligations and seems to seek final resolution of disputed issues in this case concerning the validity of a the Deed of Trust (as defined in the Motion) recorded in North Carolina and the cross-collateralization of the loans at issue in this case.

The Motion should be denied for at least ten reasons.

First, the Movants have continued to fail to comply with the *Order Establishing Procedures to Enter Action to Resolve Claims Arising from Loan Obligations Due to the Receivership* [Doc. No. 70] (the "**Procedures Order**") that

was entered on January 27, 2026 to establish mandatory procedures for a party to enter the Receivership to assert a claim. Certain deficiencies are discussed in the Renewed Motion to Dismiss [Doc. No. 10] (the "**Motion to Dismiss**"). The Movants have had multiple opportunities to comply with the Procedures and have continued to fail to do so. The Motion is not properly before this Court and should be denied or held in abeyance pending a resolution of the Motion to Dismiss.

Second, the Motion is not verified or supported by any affidavits or other evidence as required by the Federal Rules of Civil Procedure.

Third, the Movants fail to demonstrate any immediate and irreparable injury, loss, or damage requiring a restraining order or injunction. The Motion seeks injunctive relief to prevent foreclosure actions which do not yet exist.

Fourth, the Movants seek to provide security for such an injunction without demonstrating any ability to perform or evidence that sufficient funds exist to secure obligations due to the Receivership. The relief in this Motion is nothing more than a re-hash of the same gambit which Movants outlined to the Court during a hearing held in December, 2025 wherein the Movants claimed that they had funds which could be posted to secure their obligations. Five months later, the Movants still have no proof of an ability to actually provide security for the relief sought.

Fifth, the Movants have already had significant time to satisfy their obligations and now seek relief that is not temporary. No timetable is provided for

the Movants to post the proposed release prices and it appears that, if granted, the Receiver would be indefinitely stayed from exercising valid remedies while granting the Movants unlimited time to post the proposed security.

Sixth, the Movants have failed to demonstrate any reasonable likelihood that they can prevail on the merits of their claims. Indeed, the Motion is largely based on Plaintiff's claims that the loans are not cross-collateralized and that the Deed of Trust executed by Dr. Williams and recorded in North Carolina is not valid. Movants fail to meet their burden to establish a substantial likelihood that they can prevail on these issues as demonstrated in the Brief filed herewith.

Eighth, the Movants fail to provide adequate security to the Receiver even though Movants acknowledge that the Receiver would be entitled to additional interest and attorneys fees if the Receiver prevails in this case. No provision is made for the payment of such additional security and no showing is made that the Movants have any ability to make any payments on account of the Williams Loans.

Ninth, the Movants do not come to this Court with clean hands and should not be granted any equitable relief at this time. As noted above, the Movants have failed to comply with the Procedures Order and, in particular, have failed to fully disclose and document their uses of the investor moneys loaned to them.

Tenth, and finally, the Receiver objects to the Motion to the extent that it seeks to stay any efforts to collect on any claims of the Receivership and submits that there

is no basis to stay such collection efforts. If the Williams Parties were actually able to pay the Receiver the amount due, it is unclear as to what the Williams Parties would still continue to argue about as the security interests would be released after the obligations are satisfied. Movants provide no legitimate basis for the release of security prior to the satisfaction of all obligations due to the Receivership.

This Response is supported by all pleadings and matters of record in this case and a Brief which is filed contemporaneously herewith and in support hereof. In addition, the Receiver reserves the right to make additional arguments and seek to introduce additional evidence in support his response at the hearing to be held on this matter on June 16, 2026.

WHEREFORE, the Receiver requests that the Motion be denied, that he be awarded his attorneys fees and costs in responding to this frivolous Motion and for such other and further relief as may be just and proper.

Respectfully submitted this 19th day of May, 2026.

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
hsewell@sewellfirm.com; Phone: (404) 926-0053
Buckhead Centre
2964 Peachtree Road NW, Suite 55
Atlanta, GA 30305
*Counsel for Receiver*

CERTIFICATE OF COUNSEL REGARDING FONT SIZE AND<br>CERTIFICATE OF SERVICE.

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D), and the attachments are consistent with Local Rule 5.1(B).

Counsel further certifies certify that I have electronically filed the foregoing *Response* with the Clerk of Court via the CM/ECF system, and further certify that a true and correct copy of the same has been served by email as follows:

JONES & WALDEN LLC
c/o Leon S. Jones, Esq.
699 Piedmont Avenue NE
Atlanta, Georgia 30308          Sent electronically to LJones@joneswalden.com

This 19th day of May, 2026.

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
hsewell@sewellfirm.com
Phone: (404) 926-0053
Buckhead Centre
2964 Peachtree Road NW, Suite 55
Atlanta, GA 30305
*Counsel for Receiver*