## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **RIVERDAWG, LLC, NO FREE, LLC, HOLT KNOB HOLDINGS, LLC, URGENT CARE 24/7, LLC, AND JERRY WILLIAMS,** | **Civil Action File No.** |
| **Plaintiffs,** | **26-cv-01353-MLB** |
| **v.** | |
| **S. GREGORY HAYS, IN HIS CAPACITY AS RECEIVER FOR FIRST LIBERTY CAPITAL PARTNERS, LLC,** | |
| **Defendant.** | |

## RESPONSE TO RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

COME NOW Plaintiffs Riverdawg, LLC, No Free, LLC, Holt Knob Holdings, LLC, Urgent Care 24/7, LLC, and Jerry Williams (collectively, the "Plaintiffs") and file this response (the "Response") to the *Renewed Motion to Dismiss or, in the Alternative, for More Definite Statement and Brief in Support Thereof* (Doc. No. 10) (the "Motion") filed by S. Gregory Hays as Court-Appointed Receiver ("Defendant" or the "Receiver"). Plaintiffs filed an Amended Complaint (Doc. No. 7) (the "Amended Complaint")[1] as a matter of right pursuant to Federal Rule of Civil Procedure ("Rule") 15(a). The Amended Complaint clarifies and supplements the allegations of Plaintiffs' original complaint (Doc. No. 1) (the "Original Complaint").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributed to them in the Amended Complaint.

As set forth below, the Plaintiffs respectfully show that dismissal of the Amended Complaint is not warranted.

## INTRODUCTION

1. The Receiver seeks to block adjudication of this business dispute by yet another motion to dismiss.

2. The Plaintiffs simply seek a determination of the amount due on the loans. Plaintiffs have made claims against the Receivership Estate. But instead of engaging in any effort to resolve the dispute, the Receiver hides behind the Procedures Order. To the extent the Court determines that Plaintiffs have not satisfied the Procedures Order/ Plaintiffs request that the Court modify the Procedures order, or alternatively, grant Plaintiffs leave to amend.

3. The Receiver previously filed an Original Motion to Dismiss. Plaintiffs timely filed the Amended Complaint as a matter of right under the Federal Rules of Civil Procedure.

## ARGUMENT

4. Plaintiffs have complied with the Procedures Order. The Amended Complaint also (a) satisfies any alleged deficiencies in the Original Complaint, (b) adequately supports the claims for breach of contract and fraud under Counts Two, Three, and Four; and (c) adequately supports the claim for declaratory relief and an injunction.

**A. The Amended Complaint Sufficiently Demonstrates Plaintiffs'
Use of Funds as Required by the Procedures Order.**

5.      Paragraph 5(b)(iv) of the Procedures Order requires a verified list of all disbursements and uses of funds received by the Borrower from a Receivership Entity. Counsel for Plaintiffs stated to the Court at the hearing that the Procedures Order should not require Plaintiffs to provide a tracing of use of funds. The Court agreed, and the Procedures Order purposefully does not require tracing of funds. The Receiver now complains in the Motion that Plaintiffs have not complied with the Procedures Order. But the Procedures Order required a list of disbursements, and the Plaintiffs have provided such.

6.      The Amended Complaint now includes Exhibit G which is a verified list of payments made by the Plaintiffs with the funds received from the Receivership Entities. This list complies with the Procedures Order. The Receiver complains that Plaintiffs must provide "documents evidencing such uses attached as an Exhibit to the Verified Complaint . . . or separately provided to the Receiver." Again, the Receiver seeks to require Plaintiffs to provide a forensic accounting and back-up documents. This was not required or envisioned under the Procedures Order.

7.      The Receiver also argues that Dr. Williams' use of funds loaned to him was not appropriate. The Receiver complains (wrongfully) that "Dr. Williams did not use the funds from Loan 4 to construct a house but instead used significant portions of investor funds to fund his personal lifestyle and not for any legitimate

or authorized use." Plaintiffs deny this allegation. But even if this allegation were true, then the Receiver may make a counterclaim for breach of contract. But such allegation does not refute the Plaintiffs' claims. Such allegations relate to a counterclaim which has not been made.

8. The Receiver seeks to dismiss the Amended Complaint based upon the language of paragraph 5(b)(iv) of the Procedures Order. Dr. Williams is not seeking to evade any requirement of the Procedures Order. But it should be remembered that the Receiver filed a pleading the night before the December hearing and the Procedures Order was "negotiated" in open Court without ample time.

9. This Court should permit Plaintiffs to comply with paragraph 5(b)(iv) of the Procedures Order to the extent the Court deems that Plaintiffs have not already complied.

### B. The Amended Complaint States a Breach of Contract Claim.

10. Count Four of the Amended Complaint includes a statement of the breach of the Receivership Entities' obligations. Again, the Receiver seeks to rely upon paragraph 5(b)(v) of the Procedures Order to avoid litigating the amount due. Paragraph 127 and 128 of the Amended Complaint state the breach.

11. It is not hard to understand. The Receivership Entities agreed to loan funds pursuant to the Fourth Loan. And the Receivership Entities never fully funded the loan.

12.     Even the Receiver admits that Plaintiffs did not receive approximately $100,000 promised to them. Then the Receiver complains about the Plaintiffs' use of the loan proceeds. The Receiver also complains that "the Amended Complaint also fails to allege any specific damages arising from any purported breach." But Paragraph 130 states the damages claim. Plaintiffs' damages are the amount of the interest and charges claimed under the loans.

### C. Plaintiffs Should Not be Required to Make a Statement of Defenses.

13.     The Receiver argues that Paragraph 5(b)(vi) of the Procedures Order "requires a detailed statement of defenses that includes documents related to such defenses." The Receiver has not pled any claims. Plaintiffs are not obligated to plead affirmative defenses to claims which have not been made in order to comply with the Procedures Order. Plaintiffs should be required to assert defenses under paragraph 5(b)(vi) of the Procedures Order when the Receiver makes claims. Then, Plaintiffs will comply with any requirement that they plead defenses.

### D. The Amended Complaint Pleads Fraud with Sufficient Particularity.

14.     The Amended Complaint complies with paragraph 5(b)(vii) of the Procedures Order and F.R.C.P. 9. Paragraph 5(b)(vii) of the Procedures Order specifically provides that it "shall not be allowed or sufficient to simply reference or rely upon fraud generally or the general circumstances or general fraud underlying or asserted in the Complaint filed by the SEC that led to the appointment of the Receiver." The Amended Complaint satisfies this requirement.

15. The Receiver asserts that the Plaintiffs "rely solely on general circumstances or general fraud." However, Plaintiffs do identify specific representations by person, date and content made. Paragraphs 92, 93, and 112 of the Amended Complaint state the fraudulent statements.

16. Despite the Receiver's incorrect argument, the Amended Complaint does not simply rely on conclusory allegations regarding the existence of a Ponzi scheme. Rather, the Amended Complaint states that Frost lied about his ability to make loans and obtain take-out financing.

17. The Receiver asserts that "the Ponzi presumption does not relieve the Plaintiffs from the burden of demonstrating fraudulent intent in the actual transactions involving the Plaintiffs rather than generally as to other parties." To the extent that this is true, Plaintiffs have alleged that Frost and the Receivership Entities made false statements to the Plaintiffs to induce Plaintiffs into the transactions. Paragraphs 93-95 and 114 of the Amended Complaint are discussed more specifically below.

    a. Paragraph 94 of the Amended Complaint alleges that the Receivership Entities "made representations to Plaintiffs regarding the status and ability of First Liberty to make loans to Plaintiffs and underlying purported transactions." There is no dispute that the Receivership Entities did not fully fund the Fourth Loan.

    b. Paragraph 95 of the Amended Complaint alleges that the Receivership

Entities "represented that the source of funds was legitimate and that the Loans would be fully funded, in an attempt to induce Plaintiffs into the Loans."

c. Paragraph 114 of the Amended Complaint alleges that the Receivership Entities represented that the Williams Loans constituted bridge loans and that "the Receivership Entities would be repaid by First Liberty's placement of Plaintiffs in take-out financing via Small Business Administration ("**SBA**") or other commercial loans, which Frost and First Liberty B&L represented they would broker (yet Frost and the Receivership Entities knew that they had no such refinancing options or ability)." The Receiver has not and cannot dispute that Frost made these representations and that Frost knew that such were false when he made them.

18. In short, Plaintiffs have alleged a viable claim that First Liberty did not have intent—when the loans were entered—to fully fund the loans and provide a means of take-out financing.

19. The Amended Complaint pleads fraud with sufficient particularity. To the extent that the Court finds that additional specificity is required, Plaintiffs request leave to amend.

**E. The Plaintiffs Have Adequately Alleged Damages.**

20.     Again, the Receiver seeks to bar determination of the parties' rights based upon the Procedures Order. The Receiver argues that Paragraph 5(b)(viii) of the Procedures Order requires a detailed and specific itemization and calculation of damages. Plaintiffs have provided such specific itemization and calculation. Plaintiffs have been damaged in the amount of the interest, fees, and charges which the Receiver seeks to enforce under the loan documents. Plaintiffs have satisfied paragraph 5(b)(viii) of the Procedures Order.

**F. The Plaintiffs Satisfy Any Requirement to Provide Security for Injunctive Relief.**

21.     The Amended Complaint asserts that the Receiver should look to the pledged properties as security to prevent the foreclosure on Plaintiffs' properties. Plaintiffs are not required to provide new security. The proposed security is sufficient.

**CONCLUSION**

22.     To the extent that the Court finds that the Amended Complaint does not allege claims pursuant to any provisions of the Procedures Order: (a) the Court should amend the Procedures Order, and (b) the Plaintiffs should be allowed to amend the Amended Complaint to comply with the Procedures Order. Otherwise, Plaintiffs have stated viable claims.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court: 1) deny the Receiver's Motion; 2) allow the Amended Complaint to proceed to trial; 3) in the alternative, to the extent necessary, amend the Procedures Order or authorize the Plaintiffs to amend the Amended Complaint to comply with the Procedures Order; and 4) grant the Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of May, 2026.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
ljones@joneswalden.com
(404) 564-9300
699 Piedmont Avenue NE
Atlanta, GA 30308
*Counsel for Plaintiffs*

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE AND CERTIFICATE OF SERVICE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D), and the attachments are consistent with Local Rule 5.1(B).

Counsel further certifies certify that I have electronically filed the foregoing *Response to Renewed Motion to Dismiss or, in the Alternative, for More Definite Statement* with the Clerk of Court via the CM/ECF system, and further certify that a true and correct copy of the same has been served by email as follows:

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

c/o Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 55
Atlanta, Georgia 30305        Sent electronically to hsewell@sewellfirm.com

This 19th day of May, 2026.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
ljones@joneswalden.com
(404) 564-9300
699 Piedmont Avenue NE
Atlanta, GA 30308
*Counsel for Plaintiffs*